IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAVIER FRANCISCO ESCOBAR DIEZ,

Petitioner,

v. No. 2:26-cv-02481-KG-LF

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Javier Francisco Escobar Diez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. The Court also considers Petitioner's Reply, Doc. 7. Petitioner proceeds pro se. For the reasons below, the Court denies the petition.

## *I. Background*

Petitioner, a native and citizen of Colombia, entered the United States in 2021 on a visitor visa. Doc. 6 at 1. Petitioner overstayed that visa. *Id.* at 2. On June 25, 2026, immigration authorities arrested Petitioner and served him with a Notice to Appear ("NTA"). *Id.*; *see* Doc. 6-3. Immigration authorities originally detained him in Florida. Doc. 1 at 1–2. They transferred him to New Mexico several days before he had a bond hearing scheduled before an immigration judge there. *Id.*

On July 17, an immigration judge in New Mexico denied Petitioner's request for bond. Doc. 6-6 at 1. The written order stated that: "Flight risk - no form of relief." *Id.* Petitioner did not appeal that decision to the Board of Immigration Appeals. Doc. 1 at 6.

Petitioner now argues that Respondents violated his Fifth Amendment due process rights when they transferred him to New Mexico. *Id.* at 8. Petitioner claims that Respondents

transferred him to deprive him of a fair hearing in Florida. *Id.* He also claims that the transfer was unconstitutional because the conditions of that transfer were inhumane. *Id.* at 10. Next, Petitioner contends that the immigration judge's decision to deny him bond violated the Due Process Clause and APA. *Id.* at 8–9. He also argues that his prolonged detention violates the Due Process Clause. *Id.* at 9–10.

The Government opposes the Petition, arguing that Petitioner has received a bond hearing—the process to which he is entitled under the Fifth Amendment and Immigration and Nationality Act. *See generally* Doc. 6.

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

***III. Analysis***

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border. Doc. 6 at 1–2. He therefore was not seeking admission at the time of his arrest. Therefore, his detention is properly governed under § 1226.

The Court nonetheless declines to grant relief, because Petitioner received the bond hearing to which he was entitled. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he does not pose a flight risk. *See* Doc. 6-6. Nothing in the record suggests that the hearing was constitutionally deficient. The hearing therefore satisfies both § 1226 and the Due Process Clause.

For the same reason, the Court cannot grant release based on Petitioner's family and community ties. Those considerations bear on the immigration judge's determination at the bond hearing—not on this Court's review of whether that hearing occurred and was constitutionally adequate.

Next, the Government's decision to transfer Petitioner was within its decision-making authority. Petitioner argues that the Government transferred him to New Mexico to deprive him of a fair hearing in Florida. *See* Doc. 1 at 8. But it is the Executive Branch's prerogative to "arrange for appropriate places of detention for aliens detained pending removal or a decision on

removal." 8 U.S.C. § 1231(g); *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (explaining that § 1231(g) gives the Executive "discretionary power to transfer aliens from one locale to another, as [it] deems appropriate"). Accordingly, that transfer was proper.

Finally, Petitioner asserts that he suffered inhumane conditions while he was transferred to this district. Doc. 1 at 10. The Court is sympathetic to Petitioner's argument, but "[h]abeas corpus is not an appropriate vehicle to challenge conditions of confinement." *Friedman v. Anderson*, 249 Fed. Appx 712, 712 (10th Cir. 2007); *see also United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979). Such claims may be brought in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971).

***IV. Conclusion***

For the reasons above, the Court denies the Petition, Doc. 1.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.